IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN WILSON, | : |
| Petitioner, | : CIVIL ACTION NO. 20-2883 |
| v. | : |
| BARRY R. SMITH; THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : |
| Respondents. | : |

## **ORDER**

**AND NOW**, this 7th day of May, 2021, after considering the petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by the petitioner (Doc. No. 1), the response in opposition to the petition for writ of habeas corpus (Doc. No. 7), the state court record, and United States Magistrate Judge Richard A. Lloret's report and recommendation (Doc. No. 13); and no party having filed objections to the report and recommendation; accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to remove this action from civil suspense and return it to the court's active docket;

2. The Honorable Richard A. Lloret's report and recommendation (Doc. No. 13) is **APPROVED** and **ADOPTED**;[1]

---

[1] Since neither party filed objections to Judge Lloret's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Judge Lloret's report for plain error and has found none.

3. The petition for writ of habeas corpus (Doc. No. 1) is **DISMISSED** and **DENIED**;

4. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[2] and

5. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[2] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining requirements for obtaining certificate of appealability under section 2253(c)(2)).